UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-81561-CIV-ALTMAN/Brannon

**ROY J. DIXON, JR.**,

    Plaintiff,
v.

**STATE OF FLORIDA,
KRISTA MARX, in care of
Peter D. Blanc,**

    Defendants.
_____/

## OMNIBUS ORDER

**THIS CAUSE** came before the Court on the Plaintiff's Motions for Leave to File a Verified Second Complaint [ECF Nos. 25 and 28] and the Defendants' Second Motion to Quash Service [ECF No. 27]. The Court has carefully considered the parties' written submissions and the applicable law.

On November 14, 2018, the Plaintiff, Roy J. Dixon, proceeding *pro se*, filed a Verified Deprivation of Civil Rights Complaint [ECF No. 1] against now-retired 15th Judicial Circuit Court Judge Peter D. Blanc. The Plaintiff failed to serve Judge Blanc within 90 days of filing his complaint, as required by FED. R. CIV. P. 4(m), and this matter was dismissed without prejudice per the Court's Order Dismissing Case on February 15, 2019 [ECF No. 17]. On February 22, 2019, the Court, on the Plaintiff's Motion [ECF No. 18], reopened this matter to allow the Plaintiff additional time to serve two new Defendants: the State of Florida and Judge Krista Marx "in care of Peter D. Blanc" [ECF No. 19].

On March 27, 2019, the Plaintiff moved for a Clerk's Entry of Default Judgment [ECF No. 20], to which the Defendants responded by moving to quash service [ECF No. 22]. The

Defendants' Motion, which was granted by the Court [ECF No. 23], accurately noted that the State of Florida and Judge Marx were never properly served by the Plaintiff. Instead of having the Court of Clerk issue new summonses for the newly added Defendants, the Plaintiff simply edited, by hand, a prior summons issued to Judge Blanc [ECF No. 22 at 2-3]. Pursuant to Federal Rule of Civil Procedure 4, a summons must be issued by the Clerk of Court as to each Defendant in a case. *See* FED. R. CIV. P. 4(b). The Plaintiff was then reminded by the Court, for the fourth time in as many months, that failure to *properly* and *timely* serve the Defendants "will result in a dismissal of this action." [ECF No. 23].

On April 5, 2019, an Affidavit reflecting the execution of service was filed on the Court's docket showing that Judge Marx was served on April 2, 2019 ("Affidavit") [ECF No. 24]. The Defendants then filed a Second Motion to Quash Service ("Second Motion") [ECF No. 27]. In their Second Motion, the Defendants correctly note that the Clerk of Court still has not issued new summonses in this matter as to either Judge Marx or the State of Florida. *Id.* at 3. Instead, it appears that the Plaintiff has again edited, by hand, a previously issued summons dating from November 14, 2018 [ECF No 27 at 8]. The Defendants also suggest that the Affidavit may constitute fraud on the Court given that the individual (and the corresponding job title) identified in the Affidavit does not, in fact, exist. In any event, the deadline for perfecting service in this matter has expired, and the Plaintiff's claim must be dismissed for insufficient service of process.

Although the Eleventh Circuit has instructed district courts to construe liberally the filings of *pro se* litigants, it has also made clear that *pro se* litigants are bound by all applicable procedural rules, including Rule 4 of the Federal Rules of Civil Procedure. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). Rule 4(m) requires dismissal of an action without prejudice if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff can show good cause for

the failure to effect service. Good cause "exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (citations omitted).

The Court does not find good cause here because the Court has already reminded the Plaintiff, on several occasions, of Rule 4's requirement that, within 90 days after the filing of a complaint, a plaintiff must serve on each defendant a summons that has been separately issued by the Clerk of Court. [ECF Nos. 11, 13, 19, 23]. Ignoring these admonitions—and despite the fact that this matter has been pending for over 180 days—the Plaintiff has still failed to perfect service as to any of the Defendants. As a result, dismissal is appropriate. *See Cooley v. Ocwen Loan Servicing, LLC*, 729 F. App'x 677, 682 (11th Cir. 2018) (dismissing *pro se* plaintiff's amended complaint under Fed. R. Civ. P. 12(b)(5) where plaintiff had "ample opportunity" to properly serve the defendant); *see also Pruitt v. Charter Commc'ns*, No. 5:17-CV-1764-LCB, 2019 WL 1199837, at *4 (N.D. Ala. Mar. 14, 2019) (dismissing *pro se* plaintiff's claims for failure to properly effect service of process where plaintiff had notice of service deficiencies but made no attempts to cure them).

The Court will briefly address the Plaintiff's Motions for leave to file a Second Amended Complaint [ECF Nos. 25 and 28]. The Court notes that the [Scheduling] Order Setting [] Deadlines [ECF No. 6] established January 29, 2019 as the deadline for amended pleadings. Because the Plaintiff seeks leave to amend his pleadings after the expiration of the scheduling order's deadline, he must demonstrate good cause under Rule 16(b)(4) before the Court will consider whether an amendment under Rule 15(a)(2) is appropriate. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (citation omitted).

The Plaintiff has made little effort to show good cause. In any event, because of the

Plaintiff's "repeated failure to cure deficiencies," *Foman v. Davis*, 371 U.S. 178, 182 (1962) (outlining the standard for permitting leave to amend a complaint), including his failure to satisfy even the most basic procedural requirements, the Court finds that the Plaintiff has failed to show good cause here.

Accordingly, it is

**ORDERED AND ADJUDGED** that the case is **DISMISSED without prejudice**. The Clerk is directed to **CLOSE** the case, and all pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 8th day of May 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record
      Roy J. Dixon, *pro se*